**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **SHOVETT FINCH** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION 2:17-cv-125** |
| | § | **JURY REQUESTED** |
| | § | |
| | § | |
| | § | |
| **CSI COIL SPECIALIST, INC.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

### JURISDICTION

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 (4); 42 U.S.C. § 2000e -

5(f) and 28 U.S.C. §§ 2101 and 2102.  This suit is authorized and instituted pursuant to Title VII of

the Act of Congress known as "The Civil Rights Act of 1964", 42 U.S.C. §§ 2000e et. seq.  The

jurisdiction of this Court is invoked to secure protection of and to redress depravation of rights secured

by (a) 42 U.S.C. § 2000e et. seq. as amended by the Civil Rights Act of 1991, providing for relief

against discrimination in employment providing for equal rights of all person and every state and

territory and the jurisdiction of the United States and 42 U.S.C. § 1981, as amended by the Civil

Rights Act of 1991, providing for equal rights of all person and every state and territory and the

jurisdiction of the United States. Jurisdiction is also invoked pursuant to the Pregnancy

Discrimination Act of 1978.

### PARTIES

2.      Plaintiff, Shovett Finch in an individual residing at 830 First Street, Gilmer, Texas 75644.

3.      Defendant, CSI Coil Specialist, Inc. has continuously been and is doing business in the

Eastern District of Texas at 204 Dean Street, Gilmer, TX 75644. Defendant may be served by

delivering this Compliant and Summons to its registered agent, Gerry L. Averett, 3131 Quail Lane

W., Longview, TX 75602.  The company has continuously and does now employ more than fifteen

(15) persons.

## FACTS

4.      Plaintiff was an African-American female employee of Defendant. Plaintiff was employed by Coil Specialist, Inc. for seven years in the tubing assembly department.

5.      Plaintiff became pregnant and presented her supervisor and HR with lifting restrictions and was moved to a different department.

6.      On February 2, 2016, Plaintiff left work early and had a doctor's appointment where was given a restriction by her doctor to limit her work hours to six hours per day.  Plaintiff gave a copy of the work restrictions to Shelley in HR. She told Plaintiff that she would talk to the plant manager (Brian) and her supervisor (Jason) and let them know about Plaintiff's pregnancy-related work restriction.

7.      Plaintiff's doctor had also taken her totally off work until February 8, 2016. On that date, Plaintiff returned to work. Plaintiff showed up for work at the usual start time of 7:00 a.m., but was told that her area was not starting work until 9:00 a.m. that day.  Plaintiff waited at the plant and talked to Jason who told her that there was no work on the schedule for her that day. Plaintiff was told to call in every day to see if they had any work.  Plaintiff called each day, but was never allowed to return to work. According to HR, there was no work for Plaintiff to do.

8.      After about a week, Plaintiff had an occasion to talk to the owner of the company and was told to file for unemployment.

9.      After the birth of her child on March 16, 2016, Plaintiff received a full release to return to work from my doctor effective April 27, 2016.  Plaintiff gave the company a copy of her full duty release, but has been refused employment since the birth of her child.

10.     Defendant hired several people to work in the tubing department since Plaintiff requested the limited work schedule; however, Plaintiff was always told by company officials that there was no work for her.  Additionally, a male employee that had a hernia operation and was allowed a reduced schedule of five hours per day until he fully recovered from his surgery.  Other Caucasian coworkers who were pregnant were allowed reduced work schedules.

11.     The unlawful employment practices alleged were and are being within the Eastern District of the State of Texas.

12.     At all times relevant to the allegations contained in this Complaint, the company has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 701 (b)(g)(h) of Title VII, 42 U.S.C. Section 2000e (b)(g)(h).

13.     Within 300 days of the occurrence of the acts of which Plaintiff complains, a charge of employment discrimination was filed with the Equal Employment Opportunity Commission (EEOC) by Plaintiff against the company.

14.     On or about January 28, 2017, Plaintiff received a "Notice of Right to Suit" from the EEOC in Dallas, Texas and was instituted a civil action in the appropriate Federal District Court within ninety (90) days of the date the receipt of said notice.

15.     At all times relevant hereto, Defendant has enacted and effected policies and practices of unlawful and systematic exclusion of and discrimination against Plaintiff, as an African-American female by *inter alia*:

> (1) Failing to equalize conditions of employment for Plaintiff as contrasted with comparably trained and qualified males;

> (2) Adopting unreasonable, unwarranted and arbitrary standards and conditions of employment and advancement designed to discriminate against Plaintiff because of her sex and or pregnancy;

> (3) Failing to equalize conditions of employment for Plaintiff as contrasted with male and/or Caucasian employees;

> (4) Adopting unreasonable, unwarranted, and arbitrary standards and conditions of employment and advancement designed to discriminate against Plaintiff in favor of male and/or Caucasian employees;

> (5) Failing to accommodate Plaintiff's pregnancy-related work restrictions;

> (6) Terminating Plaintiff because of her pregnancy;

> (7) Failing to restore Plaintiff to her position because of her pregnancy.

16.     Defendant's actions, as alleged herein violate 42 U.S.C. Section 2000e et. seq. as amended by the Civil Rights Act of 1991, providing for relief against discrimination in employment and (b) 42 U.S.C. Section 1981, as amended by the Civil Rights Act of 1991.

## DAMAGES

17.     At the time of her discharge, Plaintiff earned wages and received benefits from Defendant consisting of medical insurance, life insurance and retirement benefits.

18.     Plaintiff would show the court that she has suffered actual damages for lost back wages, insurance benefits, lost future wages, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life as a direct result of Defendant's discriminatory employment practices described above.

19.     Defendant intentionally inflicted extreme emotional distress upon Plaintiff by intentionally discharging Plaintiff on the basis of her race and sex. Plaintiff has suffered extreme emotional distress, embarrassment, severe disappointment, indignation, shame, despair, and public humiliation due to Defendant's conduct toward Plaintiff and due to Defendant's discharge of Plaintiff.

20.     Plaintiff would further show the court that she is entitled to recover punitive damages for Defendant's intentional and malicious acts as described above toward Plaintiff regarding her employment with Defendant.

21.     Plaintiff hereby demands a trial by jury.

22.     Plaintiff is entitled to recover her reasonable and necessary attorney's fees pursuant to 42 U.S.C. § 2000e.

        WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be entered against Defendant and in favor of Plaintiff:

        (a)     Requiring that Defendant pay over to Plaintiff the actual, compensatory damages suffered by Plaintiff by reason of Defendant's illegal acts and practices, including adjusted back and front pay, with interest, and additional amount as liquidated damages;

        (b)     Requiring Defendant pay to Plaintiff damages for mental distress, emotional pain and suffering, inconvenience and loss of enjoyment of life imposed upon Plaintiff through

and as a result of the aforementioned discriminatory acts;

(c)     Requiring Defendant to pay Plaintiff in the nature of punitive damages as a result of Defendant's willful and malicious discrimination against Plaintiff;

(d)     Requiring that Defendant pay to Plaintiff her attorney's fees and costs and disbursements incurred in the prosecution of this suit; and such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/William S. Hommel, Jr.
William S. Hommel, Jr.
HOMMEL LAW FIRM
State Bar No. 09934250
1404 Rice Road, Suite 200
Tyler, Texas 75703
903-596-7100
469-533-1618 Facsimile

ATTORNEY FOR PLAINTIFF